1 **FERRUZZO & FERRUZZO, LLP**
3737 Birch Street, Suite 400
2 Newport Beach, California 92660
Telephone (949) 608-6900
3 VASKO R. MITZEV, State Bar No. 213973
vmitzev@ferruzzo.com
4 COLLEEN M. McCARTHY, State Bar No. 208691
cmccarthy@ferruzzo.com
5 JAMES J. FERRUZZO, ESQ., State Bar No. 056986
jjferruzzo@ferruzzo.com
6
Attorneys for Defendants BULK TRANSPORTATION and DTI ASSOCIATES,
7 LLC

8 Jonathan Ricasa, Esq. SBN 223550
**LAW OFFICES OF JONATHAN RICASA**
9 2341 Westwood Boulevard Suite 7
Los Angeles, CA 90064
10 Phone: 424-248-0510
Fax: 424-204-0652
11 Email: jricasa@ricasalaw.com
[Additional Counsel Listed on Following Page]
12
13 Attorneys for Plaintiff Daron Hill and all others similarly situated

14 UNITED STATES DISTRICT COURT

15 CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION

| | |
|---|---|
| 16 DARON HILL, individually and on behalf of all others similarly situated, | Case No. CV13-08683 PSG (JEMx) |
| 17 | ~~JOINT STIPULATION AND~~ **PROTECTIVE ORDER** |
| 18 Plaintiffs, | |
| 19 v. | |
| 20 BULK TRANSPORTATION, DTI ASSOCIATES, LLC, GARY K. CROSS, and DOE ONE through and | |
| 21 including DOE ONE HUNDRED, | |
| 22 Defendants. | |

23

24 / / /

25 / / /

26 / / /

27 / / /

28

1

1  Briana M Kim, Esq. SBN 255966
   **LAW OFFICES OF BRIANA KIM**
2  249 East Ocean Boulevard, Suite 814
3  Long Beach, CA 90802
   Phone: 714-482-6301
4  Fax: 714-482-6302
5  Email: briana@brianakim.com

6  Attorneys for Plaintiff Daron Hill and all others similarly situated

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

CV13-08683 PSG (JEMx)
JOINT STIPULATION AND PROTECTIVE ORDER

# I.  PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of personal, financial, consumer and employment information; confidential, proprietary, private and/or trade secret information for which special protection from public disclosure and from use for any purpose other than prosecuting and/or defending this litigation may be warranted.

Accordingly, the parties want to facilitate the production and receipt of information during discovery in the above-captioned litigation ("the Litigation"), and thus agree and stipulate, through their respective counsel, and request the Court to enter, the following Protective Order.

## A.  Stipulating Parties:

This stipulation for protective order ("Stipulation" or "Order") is entered into by Plaintiff Daron Hill, by and through his attorneys of record ("Plaintiff") and Defendants Bulk Transportation and DTI Associates, LLC. ("Defendants"). Plaintiff and Defendants are referred jointly hereinafter as the "Parties" or "Stipulating Parties."

## B.  Applicability of Stipulated Protective Order ("Order"):

This Order does not and will not govern any trial proceedings in this Litigation, but will otherwise be applicable to and govern the handling of documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admissions, responses to requests for production of documents, non-party subpoenas, and all other discovery, including informal discovery, expert discovery and other discovery obtained pursuant to the Federal Rules of Civil Procedure or from a party in connection with this Litigation.

/ / /

1      ## II.   GOOD CAUSE STATEMENT

2          The parties acknowledge and agree that specific prejudice and harm will

3   likely result if the parties' disclosures are not subject to this protective order insofar

4   as personal, financial and business information of consumers and trucking

5   companies will be potentially disclosed, and which information is otherwise not

6   publicly available, is personal and proprietary business information.   Personal

7   employee information regarding wages, personnel information, benefits,

8   employment history is the type of information typically kept personal and

9   confidential to the individual employee.

10         Similarly, trucking defendants keep certain information regarding their

11  business practices proprietary, confidential and trade secret, including driver pool

12  size, wage and benefit information, route and rate information, human resource and

13  payroll information, driver training and policies and procedures of operation,

14  including logistics operations, all to conduct trucking defendants' business

15  operations at a competitive advantage in the trucking industry and specifically Bulk

16  Transportation's cargo handling specific field.   Disclosure of this type of

17  information, without the protection of this protective order or, following court

18  determination, the sealing of certain documents, to the public and trucking

19  defendants' competitors, would specifically and seriously injure trucking

20  defendants' market advantage in having developed these internal and confidential

21  business processes, customer lists, trade routes, and of proprietary information and

22  other information which may qualify as trade secrets, as specifically defined below.

23         Disclosure of individual employee personnel, medical, payroll and or

24  employment information publicly disclosed will likely infringe on individual

25  privacy rights and potentially expose individual employees to real risks of identity-

26  theft and other consumer-protection/privacy risk factors.

27  ///

28

4

## III.    PARTICULAR CATEGORIES OF DOCUMENTS TO BE DESIGNATED ("Protected Documents and Information")

As particularly identified above, Stipulating Parties contemplate the exchange of documents "traditionally kept secret," such as proprietary business information, personnel records, payroll and wage information, business policies and procedures. The Protected Documents and Information also includes any information derived from the above documents, including extracts, memoranda, notes and correspondence quoting or summarizing such information.

Documents, as a term, is used in its broadest sense to include all written and computerized materials, videotapes, and all other tangible items and items in magnetic, digital or electronic form.

Protected Documents also includes a Stipulating Party's "trade secrets," as defined in California Civil Code Section 3426.1, which is incorporated herein by reference. [Cal. Civ. Code Sec. 3426.1(d) "Trade secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process, that:    (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.]

## IV.    DESIGNATING PROTECTED DOCUMENTS AND INFORMATION

All or any part of a document disclosed, produced or submitted by any Stipulating Party may be designated by marking the word or words "Confidential", "Confidential-Subject to Protective Order," or similar phrase:  (a) on the face of the original of the document and each page so designated, or on the face of the photocopy of the document delivered by the designating party or person to the party to which the document is produced, and on the photocopies of each page so

5

designated; or (b) in the case of a tangible item, on the face of the tangible item, if practicable, or by delivering to the party to which disclosure is made, at the time of filing, disclosure, or production, written notice that such tangible item is "Confidential", "Confidential-Subject to Protective Order," or similar phrase, provided the tangible item can be identified by particular description, photograph or other readily ascertainable means; or (c) designating documents or by Bates label or some similar index and pagination system range as "Confidential", "Confidential-Subject to Protective Order," or similar phrase, at or before the time of it production or disclosure for inspection; or (d) designating a storage medium produced in electronic format (e.g., CD Compilation of Documents) as "Confidential", "Confidential-Subject to Protective Order," or similar phrase, at or before the time of its production." The Stipulating Party designating the documents as Confidential", "Confidential-Subject to Protective Order," or similar phrase, or is hereafter referred to as the "Designating Party". The Stipulating Party receiving or obtaining the documents is referred to as the "Receiving Party."

## V.  INADVERTENT DISCLOSURE OF PROTECTED DOCUMENTS AND INFORMATION

The inadvertent failure to designate discovery information, material and documents as confidential does not constitute a waiver of such claim and may be remedied by prompt supplemental written notice of the discovery of inadvertent disclosure and request for confidential designation and marking, with the effect that such discovery information, material and documents will be subject to the protections of this Order. The Receiving Party shall exercise good faith efforts to ensure that copies it makes of any Protected Documents and Information produced to it, and copies made by others who obtained such Protected Documents and Information from the receiving party, include the appropriate "Confidential" mark, designation and legend, to the same extent as those Protected Documents and

6

Information that have been marked "Confidential," by the Producing Party.

### VI.    **NOTICE TO NON-PARTIES**

Any Party issuing a subpoena to a non-party shall enclose a copy of this Protective Order with a request that, within 10 calendar days, the non-party either request the protection of this Protective Order or notify the issuing party that the non-party does not need the protection of this Protective Order or wishes to seek different protection or court relief.

### VII.    **QUALIFIED RECIPIENTS OF PROTECTED DOCUMENTS AND INFORMATION**

**A.**    Both the Protected Documents and the information contained therein or derived therefrom shall be treated as confidential and shall be used solely for the purpose of prosecuting or defending this action. Except upon the prior written consent of the Designating Party and the party which is the subject of the information, or upon further order of the Court, the Protected Documents or information contained therein or derived therefrom may be shown, disseminated, discussed, or disclosed only to the following persons:

    (1) This Court, persons employed by the Court who are necessary for the handling of this Litigation, and court reporters transcribing the testimony or argument at a hearing, trial or deposition in this Litigation or any appeal therefrom;

    <u>No person identified in paragraph (1) above shall be required to sign any confidentiality agreement, or execute the Declaration to this Order, attached hereto as "Exhibit "A";</u>

    (2) The Stipulating Parties' and their respective counsel of record in this action, other members of such counsel's law firm, and any other

7

counsel associated as necessary to assist such counsel in the preparation or trial of this action. Counsel for any other parties must seek relief of court to gain access to the Protected Documents;

(3) Employees of counsel of record for Plaintiff and Defendants or their associated of record counsel who assist in the preparation of trial in this action;

(4) Stenographic reporters engaged for depositions or proceedings necessary to this action;

(5) Current or former employees or agents of the party or person who produced the Protected Document;

(6) Stenographic reporters engaged or depositions or proceedings necessary to this action;

(7) Employees of outside copy services used to copy, scan, Bates-label or otherwise process the Protected Documents in connection this action; and

(8) Any alternative dispute resolution ("ADR") neutral, such as a settlement magistrate, mediator or arbitrator providing court or private ADR services in connection with the Action.

**B.** Before receiving access to any of the Protected Documents or the information contained therein, each person described in subparagraphs (2) through (8) of Section VII(A) above shall be advised of the terms of this Stipulation and the Protective Order , shall be given a copy of the Protective Order, and shall agree in

8

1  writing to be bound by its terms and to be subject to the jurisdiction of this Court ,

2  by either signing a copy of the Protective Order or a declaration in the form attached

3  as Exhibit A, or, if during a deposition, then by oral declaration on the record in

4  substantially the same language as Exhibit A.

5      **C.**    Nothing in this Stipulation or Protective Order shall relieve any former

6  employee of any producing party or third person of any previous existing

7  obligations to maintain in confidence information or documents obtained in the

8  course of his or her employment.

9      **D.**    Before designating any material as "Confidential", "Confidential-

10 Subject to Protective Order" the producing party will make a bona fide

11 determination that the material is, in fact, subject to the Protective Order.

12              **VIII. CHALLENGING CONFIDENTIAL DESIGNATIONS**

13     **A.**    Timing of Challenges.

14     Unless a prompt challenge to a confidentiality designation is necessary to

15 avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later

16 significant disruption or delay of the litigation, a party does not waive its right to

17 challenge a confidentiality designation by electing not to mount a challenge

18 promptly after the original designation is disclosed.

19     **B.**    Meet and Confer.

20     A party that elects to initiate a challenge to a confidentiality designation must

21 do so in good faith and must begin the process by conferring directly (initially in

22 writing and subsequently conferring in voice to voice dialogue) with counsel for the

23 Designating Party as set forth in Local Rule 37.1 and 37.2 of the Local Rules for the

24 United States District Court, Central District of California.  In conferring initially in

25 writing, the challenging party must explain the basis for its belief that the

26 confidentiality designation was not proper and must give the designating party an

27 opportunity to review the designated material, to reconsider the circumstances, and,

28

1   if no change in designation is offered, to explain in writing the basis for the chosen

2   designation.  Following this exchange of writings, the parties must engage in a voice

3   to voice dialogue in an attempt to resolve any remaining differing in opinion.  A

4   challenging party may proceed to the next stage of the challenge process only if it

5   has engaged in this meet and confer process.

6        However, if the designating party fails to respond in writing within 10

7   business days of receiving the challenging party's initial meet and confer letter

8   unless a reasonable extension is agreed to, or if the Designating Party fails to engage

9   in voice to voice dialogue within 10 business days of sending its responsive letter

10   unless a reasonable extension is agreed to, the challenging party may proceed to the

11   next step of the challenge process without completing further meet and confer

12   efforts.

13      **C.**    **Judicial Intervention.**

14        A party that elects to press a challenge to a confidentiality designation after

15   considering the justification offered by the Designating Party may file and serve a

16   motion that identifies the challenged material and sets forth in detail the basis for the

17   challenge.  Each such motion must be accompanied by a competent declaration that

18   affirms that the movant has complied with the meet and confer requirements

19   imposed in the preceding paragraph and that sets forth with specificity the

20   justification for the confidentiality designation that was given by the Designating

21   Party in the meet and confer dialogue.  The designated material shall not be filed

22   with the Court at the time of seeking a motion challenging a designation except as

23   otherwise provided by this Stipulation or the Protective Order.

24        The initial burden of persuasion in any proceeding shall be on the

25   Challenging Party.  Until the Court rules on the challenge, all parties shall continue

26   to afford Protected Documents in question the level of protection to which it is

27   entitled under the operative designation.  Upon request of the Court, the challenged

28

1 materials may be lodged or submitted for *in camera* review in connection with its
2 consideration of the challenge in accordance with L.R. 79-5.

3      In any motion challenging a designation, the Court, in its sole discretion, may
4 order a party, which without substantial justification brings or opposes such a
5 motion, to pay the reasonable costs and attorneys' fees incurred by the other party in
6 connection with the motion.

7 **IX.   COURT FILINGS AND SEALING DOCUMENTS**

8     **A.**    In accordance with Local Rule 79-5.1, if any papers to be filed with
9 the Court contain information and/or documents that have been designated as
10 "*Confidential*," the proposed filing shall be accompanied by an application to file
11 the papers or the portion thereof containing the designated information or
12 documents (if such portion is segregable) under seal; and the application shall be
13 directed to the judge to whom the papers are directed. For motions, the parties shall
14 publicly file a redacted version of the motion and supporting papers. The party
15 desiring to place any Confidential information before the Court shall lodge the
16 information in a sealed envelope. The sealed envelope shall be endorsed with the
17 title of the Litigation, a general indication of the nature of the contents of such
18 sealed envelope, the identity of the party filing the materials, the phrase
19 "Confidential Material," and a statement to this substantial form and effect:

20     THIS ENVELOPE CONTAINS MATERIAL SUBJECT TO A
21     PROTECTIVE ORDER ENTERED IN THIS LITIGATION. IT IS NOT TO
22     BE OPENED NOR ARE ITS CONTENTS TO BE DISPLAYED,
23     REVEALED, OR MADE PUBLIC, EXCEPT BY COURT ORDER.
24     UNLESS THE COURT ORDERS THAT IT NOT BE FILED, THIS
25     ENVELOPE SHALL BE FILED UNDER SEAL.

26
27
28

11

**B.** Access to these sealed envelopes or containers may be obtained by any of the Stipulating Parties' counsel for any necessary or appropriate uses in this action.

## X. DEPOSITIONS

**A.** To the extent that Protected Documents are used in the taking of depositions, those documents shall remain subject to the Protective Order. They will be maintained under seal by the court or reporter, and the Designating Party whose Protected Documents are used will be provided with a copy of the deposition or hearing transcript by the party noticing the deposition or hearing upon receipt of such transcript by them. With respect to any deposition or hearing transcript, the Designating Party may, on the record or in writing within 30 days after written receipt of the transcript, designate portions of the transcript relating to the Protected Documents as "Confidential", "Confidential-Subject to Protective Order" under this Protective Order.

**B.** Upon being filed under seal, the Protected Documents may be admitted as exhibits or evidence at any hearing or trial in this Action subject to meeting the requirements of admissibility of evidence, including the governing rules of evidence, civil procedure and applicable substantive law, as determined by the Court. The judge presiding over any hearing or trial in this Action shall determine whether to provide continued protection for Protected Documents material accepted as evidence at the trial or any hearing this Action.

/ / /

/ / /

## XI. COMPLIANCE WITH PROTECTIVE ORDER

**A.** Counsel for the Stipulating Parties will maintain a list of all persons to whom any Protected Document or thing or information contained therein is provided along with the signed Protective Order or declaration. The list and signed

12

1  Protected Order or declaration shall be available for inspection by the Court and, at
2  the conclusion of this action, by the Stipulating Parties.

3

4  **B.** If a Stipulating Party or its counsel learns that, by inadvertence or
5  otherwise, they have disclosed Protected Documents to any person or in any
6  circumstances not authorized under the Protective Order, that person must
7  immediately: (a) notify the other Stipulating Parties in writing of the unauthorized
8  disclosures; (b) use its best efforts to retrieve all copies of the Protected Documents;
9  (c) inform the person or persons to whom unauthorized disclosures were made of all
10  the terms of the Protective Order; and (d) request such person or persons to execute
11  Exhibit A.

12  ### XII.  SUBPOENAS

13  If a Stipulating Party or its counsel is served with a subpoena or an order
14  issued in other litigation or any other proceeding or other action that would compel
15  disclosure of any Protected Documents, he/she/it must immediately notify the
16  Designating Party in writing (by e-mail or fax, if possible) through his/its
17  undersigned counsel. Such notification must include a copy of the subpoena or
18  order. The person being served with the subpoena also must promptly inform in
19  writing the party who caused the subpoena or order to issue in the other litigation,
20  proceeding or other action that some or all the material covered by the subpoena or
21  order is the subject of the Protective Order. In addition, the person being served
22  must deliver a copy of the Protective Order promptly to the party in the other action
23  that caused the subpoena or order to issue. The purpose of imposing these duties is
24  to alert the interested parties to the existence of the Protective Order and to afford
25  the Designating Party an opportunity to try to protect its confidentiality interests and
26  privileges in the court or proceeding from which the subpoena or order issued.

27

28

1  Nothing in these provisions should be construed as authorizing or
2  encouraging any person to disobey a lawful subpoena issued in another court.

3  ### XIII. NO WAIVER OF PRIVILEGE

4  Nothing in this Stipulation, nor the production of anything by a Stipulating
5  Party in this action, shall be deemed a waiver of any privilege or confidentiality
6  interest with respect thereto in this action or in any other action or proceedings, or a
7  waiver of any privilege applicable to any information, or a waiver of its right to
8  oppose production of any information.

9  ### XIV. MODIFICATION OF PROTECTIVE ORDER

10  All parties reserve the right to apply to the Court for an order modifying or
11  amending the terms of the Protective Order, either upon consent of all other parties
12  or upon a showing of good cause and other appropriate showing under the particular
13  circumstances. This stipulation may be modified by agreement of the parties, but
14  this agreement will have no force and effect unless the agreement or modification is
15  ordered or approved by the Court.

16  ### XV. SURVIVAL AND BINDING ON SUCCESSORS

17  After the termination of this action, the provisions of the Protective Order
18  shall continue to be binding. Within sixty (60) days following the conclusion of this
19  action, including any and all judicial review thereof or appeals therefrom, counsel
20  for Plaintiff and any person who has received copies of such Protected Documents
21  shall return all Protected Documents to counsel for the Designating Party. Counsel
22  for the Plaintiff and for any person who has received copies of such Protected
23  Documents shall certify compliance with this provision. In lieu of returning all
24  Protected Documents, counsel for the Plaintiff and for any person who has received
25  copies of such Protected Documents may certify that all Protected Materials and
26  copies of Protected Materials have been destroyed. However, counsel for the
27  Stipulating Parties may retain copies of all pleadings, briefs, memoranda, discovery,
28

14

1    and hearing or trial exhibits containing Protected Documents provided that they do
2    not disclose any Protected Documents to anyone not entitled to such disclosure
3    under the terms of the Protective Order.

4        The Stipulating Parties agree that this Court shall have and retain jurisdiction
5    over them, their attorneys, and experts for enforcement of the provisions of the
6    Protective Order following the termination of this litigation and, by the parties'
7    stipulation to this Order, hereby consent to the jurisdiction of that Court.

9            [REMAINDER OF PAGE INTENTIONALLY BLANK]

15

1       This Stipulation and the Protective Order shall be binding upon the parties

2    hereto, upon their attorneys, and upon the parties' and their attorneys' successors,

3    executors, personal representatives, administrators, heirs, legal representatives,

4    assigns, subsidiaries, divisions, employees, agents, independent contractors, or other

5    persons or organizations over which they have control.

6    IT IS SO STIPULATED:

   I, Vasko R. Mitzev, am the ECF user whose identification and password are

7    being used to file this Stipulation. I hereby attest that Jonathan Ricasa of Law
Offices of Jonathan Ricasa and Briana M. Kim of Law Offices of Briana Kim have

8    concurred with this filing.

9    DATED:  March 11, 2014    **FERRUZZO & FERRUZZO, LLP**

10

11              By:  /S/Vasko R. Mitzev
             VASKO R. MITZEV

12                 COLLEEN M. McCARTHY
             JAMES J. FERRUZZO

13                 Attorneys for Defendants
             BULK TRANSPORTATION and DTI

14                 ASSOCIATES, LLC

15    DATED:  March 11, 2014   **LAW OFFICES OF JONATHAN RICASA**

16              By:  /S/ Jonathan Ricasa
             JONATHAN RICASA

17                 Attorneys for Plaintiff Daron Hill and all
             others similarly situated

18

19    DATED:  March 11, 2014    **LAW OFFICES OF BRIANA KIM**

20              By: /S/ Briana Kim
             BRIANA M. KIM

21                 Attorneys for Plaintiff Daron Hill and all
             others similarly situated

22       Pursuant to the above Stipulation.

23    **IT IS SO ORDERED.**

24    Dated: __3/13/14__

25                /S/

26              ~~The Hon. Philip S. Gutierrez~~

27              ~~U.S. District Judge~~

            **JOHN E. McDERMOTT**

28             **UNITED STATES MAGISTRATE JUDGE**

          16

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ in the case of Daron Hill v. Bulk Transportation, et al., Case No. CV13-08683 PSG (JEMx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply may expose me to sanctions and punishment in the nature of contempt.    I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and state where sworn and signed: _____

Printed name: _____

Signature: _____